```
1  BENJAMIN B. WAGNER
   United States Attorney
2  SAMUEL WONG
   JASON HITT
3  TODD PICKLES
   Assistant U.S. Attorneys
4  501 I Street, Suite 10-100
   Sacramento, California 95814
5  Telephone: (916) 554-2751
```

FILED

AUG 29 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

2:12 - CR - 0309 KJM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. |
| Plaintiff, | VIOLATIONS: 21 U.S.C. §§ 846, 841(a)(1) - Conspiracy to Manufacture and Possess with Intent to Distribute Marijuana (Two Counts); 21 U.S.C. § 841(a)(1) - Manufacture of Marijuana (Two Counts); 18 U.S.C. § 1956(h) - Conspiracy to Launder Monetary Instruments; 21 U.S.C. § 853(a) & 18 U.S.C. § 982(a)(1) - Criminal Forfeiture |
| v. | |
| NATHAN HOFFMAN, HUNG C. NGUYEN, aka John Nguyen, BROOK MURPHY, STEVEN MARCUS, and JESUS BRUCE, | |
| Defendants. | |

# I N D I C T M E N T

COUNT ONE:  [21 U.S.C. §§ 846, 841(a)(1) - Conspiracy to Manufacture and Possess with Intent to Distribute Marijuana]

The Grand Jury charges:  T H A T

NATHAN HOFFMAN,
HUNG C. NGUYEN, aka John Nguyen,
and BROOK MURPHY,

defendants herein, beginning at a time unknown to the Grand Jury but no later than on or about December 2010, and continuing up to, and including on or about June 21, 2011, in the Counties of Sutter and

1

1  Sacramento, State and Eastern District of California, and elsewhere,
2  did knowingly and intentionally conspire with each other and with
3  other persons unknown to the Grand Jury to manufacture at least
4  1,000 marijuana plants, a Schedule I Controlled Substance, in
5  violation of Title 21, United States Code, Sections 846 and
6  841(a)(1).
7  COUNT TWO:  [21 U.S.C. § 841(a)(1) - Manufacture of Marijuana]
8      The Grand Jury further charges:  T H A T
9               NATHAN HOFFMAN,
         HUNG C. NGUYEN, aka John Nguyen,
10              and BROOK MURPHY,
11 defendants herein, beginning at a time unknown to the Grand Jury,
12 but not later than in or about January 2011, and continuing up to,
13 and including, on or about June 21, 2011, in the County of Sutter,
14 State and Eastern District of California, did knowingly and
15 intentionally manufacture at least 1,000 marijuana plants, a
16 Schedule I Controlled Substance, in violation of Title 21, United
17 States Code, Section 841(a)(1).
18 COUNT THREE:  [21 U.S.C. §§ 846, 841(a)(1) - Conspiracy to
                  Manufacture and Possess with Intent to Distribute
19                Marijuana]
20     The Grand Jury further charges:  T H A T
21              NATHAN HOFFMAN,
         HUNG C. NGUYEN, aka John Nguyen,
22              BROOK MURPHY, and
                STEVEN MARCUS,
23
24 defendants herein, beginning at a time unknown to the Grand Jury but
25 no later than on or about February 2011, and continuing up to, and
26 including on or about June 21, 2011, in the County of Sacramento,
27 State and Eastern District of California, and elsewhere, did
28 knowingly and intentionally conspire with each other and with other

1 persons unknown to the Grand Jury to manufacture at least 1,000
2 marijuana plants, a Schedule I Controlled Substance, in violation of
3 Title 21, United States Code, Sections 846 and 841(a)(1).
4 COUNT FOUR:   [21 U.S.C. § 841(a)(1) - Manufacture of Marijuana]
5      The Grand Jury further charges:   T H A T

                    NATHAN HOFFMAN,
             HUNG C. NGUYEN, aka John Nguyen,
                    and STEVEN MARCUS,

8 defendants herein, beginning at a time unknown to the Grand Jury,
9 but not later than in or about January 2011, and continuing up to,
10 and including, on or about June 21, 2011, in the County of
11 Sacramento, State and Eastern District of California, did knowingly
12 and intentionally manufacture at least 1,000 marijuana plants, a
13 Schedule I Controlled Substance, in violation of Title 21, United
14 States Code, Section 841(a)(1).
15 COUNT FIVE: [18 U.S.C. § 1956(h) - Conspiracy to Launder Monetary
                     Instruments]

17      The Grand Jury further charges:   T H A T

                    NATHAN HOFFMAN,
             HUNG C. NGUYEN, aka John Nguyen,
                    and JESUS BRUCE,

20 defendants herein, beginning no later than on or about December 1,
21 2010, and ending on or about June 21, 2011, did unlawfully and
22 knowingly conspire, confederate, and agree with each other and
23 others known and unknown to the Grand Jury, in the State and Eastern
24 District of California, and elsewhere to commit offenses against the
25 United States in violation of Title 18, United States Code, Section
26 1956, specifically, to knowingly conduct and attempt to conduct a
27 financial transaction affecting interstate and foreign commerce,
28 which involved the proceeds of a specified unlawful activity, that

is, the manufacture and distribution of marijuana, with the intent to promote the carrying on of specified unlawful activity, that is, the manufacture and distribution of marijuana as alleged in Count One, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), all in violation of Title 18, United States Code, Section 1956(h).

**FORFEITURE ALLEGATION**: [21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1) - Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One through Four of this Indictment, defendants NATHAN HOFFMAN, HUNG. C. NGUYEN, BROOK MURPHY, and STEVEN MARCUS shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), the following property:

    a. All right, title, and interest in any and all property involved in each offense in violation of 21 U.S.C. § 841(a)(1), or conspiracy to commit such offense, for which defendants are convicted, and all property traceable to such property, including the following: all real or personal property, which constitutes or is derived, directly or indirectly, from proceeds obtained as a result of the commission of the offenses; and all property used in any manner or part to commit or to facilitate the commission of these violations.

    b. A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which defendants are convicted.

1    2.  Upon conviction of one or more of the offenses alleged in
2   Count ~~Six~~ *FIVE* of this Indictment, defendants NATHAN HOFFMAN, HUNG. C.
3   NGUYEN, and JESUS BRUCE shall forfeit to the United States, pursuant
4   to 18 U.S.C. § 982(a)(1), all property, real and personal, involved
5   in such violations, and any property traceable to such property,
6   including but not limited to the following:

7        a.  A sum of money equal to the total amount of money
8   involved in the offense, for which defendants are convicted.

9    3.  If any property subject to forfeiture, as a result of the
10  offenses alleged in Counts One through ~~Six~~ *FIVE* of this Indictment, for
11  which the defendants are convicted,

12        a.   cannot be located upon the exercise of due diligence;
13        b.   has been transferred or sold, or deposited with, a
14             third party;
15        c.   has been placed beyond the jurisdiction of the court;
16        d.   has substantially diminished in value; or
17        e.   has been commingled with other property which cannot
18             be divided without difficulty,

19  it is the intent of the United States, pursuant to 21 U.S.C.
20  § 853(p) and 18 U.S.C. § 982(b)(1), to seek forfeiture of any other
21  property of defendant up to the value of the property subject to
22  forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

_____
FOREPERSON

BENJAMIN B. WAGNER
United States Attorney

**United States v. HOFFMAN, et al.**
**Indictment Penalties**

## Penalties on COUNTS ONE and TWO for Defendants HOFFMAN, NGUYEN, nad MURPHY

| | |
|---|---|
| VIOLATIONS: | 21 U.S.C. §§ 846, 841(a)(1) - Conspiracy to Manufacture at Least 1,000 Marijuana Plants |
| | 21 U.S.C. § 841(a)(1) - Manufacture of at Least 1,000 Marijuana Plants |
| PENALTIES: | Mandatory Minimum of 10 years in prison and a maximum of up to life in prison; or Fine of up to $10,000,000; or both fine and imprisonment<br>Supervised release of at least 5 years up to life |

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## Penalties on COUNTS THREE and FOUR for Defendants HOFFMAN, NGUYEN, MURPHY, and MARCUS

| | |
|---|---|
| VIOLATIONS: | 21 U.S.C. §§ 846, 841(a)(1) - Conspiracy to Manufacture at Least 1,000 Marijuana Plants |
| | 21 U.S.C. § 841(a)(1) - Manufacture of at Least 1,000 Marijuana Plants |
| PENALTIES: | Mandatory Minimum of 10 years in prison and a maximum of up to life in prison; or Fine of up to $10,000,000; or both fine and imprisonment<br>Supervised release of at least 5 years up to life |

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## Penalties on COUNT FIVE for Defendants HOFFMAN, NGUYEN, and BRUCE

| | |
|---|---|
| VIOLATION: | 18 U.S.C. § 1956(h) - Conspiracy to Launder Monetary Instruments |
| PENALTY: | Up to 20 years in prison,<br>Fine of up to $500,000, or twice the value of the property involved, whichever is greater, or both fine and imprisonment<br>Supervised release of up to 3 years |

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## FORFEITURE ALLEGATIONS

| | |
|---|---|
| STATUTE: | 21 U.S.C. § 853(a) & 18 U.S.C. § 982(a)(1) - Forfeiture |
| PENALTY: | Upon conviction of the controlled substance offenses alleged in Counts One through Four of this Indictment, defendants HOFFMAN, NGUYEN, MURPHY, and MARCUS may be forced to forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of his drug trafficking and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such crimes.<br>In addition, upon conviction of one or more of the offenses alleged in Count Five of this Indictment, defendants HOFFMAN, NGUYEN, and BRUCE shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in such violations, and any property traceable to violations of the money laundering charge in Count Five. |

No. _ _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

---

THE UNITED STATES OF AMERICA

*vs.*

NATHAN HOFFMAN,
HUNG C. NGUYEN,
aka John Nguyen,
BROOK MURPHY,
STEVEN MARCUS, and
JESUS BRUCE

---

## INDICTMENT

**VIOLATION(S):** 21 U.S.C. §§ 846, 841(a)(1) - Conspiracy to Manufacture and Possess with Intent to Distribute Marijuana (Two Counts); 21 U.S.C. § 841(a)(1) - Manufacture of Marijuana (Two Counts); 18 U.S.C. § 1956(h) - Conspiracy to Launder Monetary Instruments; 21 U.S.C. § 853(a) & 18 U.S.C. § 982(a)(1) - Criminal Forfeiture

---

*A true bill,*

**/s/ Signature on file w/AUSA**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                                *Foreman.*

---

*Filed in open court this* _ _ _ _ _ **29** _ _ _ _ _ *day*

*of* _ _ _ _ **August** _ _ _ _ , A.D. 20 **12** _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                                *Clerk.*

Bail, $ Def. Hoffman: No Process Necessary; Defendant Nguyen continue on bond as set; Defendant Murphy - Bench Warrant Bail to be determined at hearing; Def. Marcus - Summons to Issue, bail to be determined at hearing; Def. Bruce - No Bail, Previously ordered detained.

GPO 863 525